UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARLOS GABRIEL MENESES MONTES,**

    **Plaintiff,**

v.                                                    Case No: 8:11-CV-0930-T-27EAJ

**FBI,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.[1]

**Legal Standard**

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation (Dkt. 2). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

## Analysis

In a one-paragraph complaint, Plaintiff alleges that Defendant stole Plaintiff's money from a bank and was "found corrupt" when Plaintiff subsequently filed suit against Defendant (Dkt. 1). However, his complaint does not include enough facts to state a plausible claim under federal law. Consequently, his complaint should be dismissed for failure to state a claim.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

1) Plaintiff's construed motion for leave to appeal in forma pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

2) Plaintiff be granted an opportunity to file an amended complaint; and

3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. See also Local Rule 3.10(a), M.D. Fla.

**Date: May 10, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

2

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge